IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS 06 JUL 11 AM 9: 55
MARSHALL DIVISION

| | | |
|---|---|---|
| SUSAN HUDLER, INDIVIDUALLY AND | § | |
| AS INDEPENDENT ADMINISTRATRIX | § | |
| OF THE ESTATE OF VICTOR HUDLER; | § | |
| NATHAN HUDLER; ANDREW HUDLER; | § | |
| MARVIN HUDLER AND, | § | |
| DWIGHT MARIA HUDLER, | § | |
| | § | |
| Plaintiffs, | § | C.A. NO. **2 - 0 6 C V - 2 8 2** 𝒯𝒥𝓌 |
| | § | |
| VS. | § | |
| | § | |
| PAACAR, INC., KENWORTH TRUCK | § | |
| COMPANY DIVISION, | § | |
| | § | |
| Defendant | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, SUSAN HUDLER, INDIVIDUALLY, AND AS INDEPENDENT ADMINISTRATRIX OF THE ESTATE OF VICTOR HUDLER, NATHAN HUDLER, ANDREW HUDLER, MARVIN HUDLER AND DWIGHT MARIA HUDLER (collectively referred to as the "Plaintiffs"), and files this their Original Complaint complaining of PAACAR, INC., KENWORTH TRUCK COMPANY DIVISION (collectively referred to as "Kenworth" or "Defendant"), and would show the Court as follows:

1.00   **PARTIES: PLAINTIFFS**

1.01    Susan Hudler is the surviving wife of Victor Hudler, as well as the Independent Administratrix of the Estate of Victor Hudler. Susan Hudler is a citizen and resident of the State of Texas.

1.02    Nathan Hudler is a surviving son of Victor Hudler, and a citizen and resident of the State of Texas.

1.03    Andrew Hudler is a surviving son of Victor Hudler, and a citizen and resident of the State of Texas.

1.04    Marvin Hudler is the surviving father of Victor Hudler, and a citizen and resident of the State of Texas.

1.05    Dwight Maria Hudler is the surviving mother of Victor Hudler, and a citizen and resident of the State of Texas.

2.00   **PARTIES: DEFENDANT**

2.01    Defendant PAACAR, Inc., Kenworth Truck Company Division is a foreign corporation, organized and existing under the laws of the State of Delaware, whose principal office is located at P.O. Box 1518, Bellevue, Washington 98009. This Defendant is, however, authorized to do business in Texas and may be served with process by serving its registered agent for service, The Prentice-Hall Corporation System, at 701 Brazos Street, Suite 1050, Austin, Texas 78701.

3.00   **JURISDICTION AND VENUE**

3.01    The amount in controversy, exclusive of interest and costs, exceeds the minimum jurisdictional limits of this Court.

---

**PLAINTIFFS' ORIGINAL COMPLAINT**                                              **PAGE 2**

3.02    Jurisdiction is proper in this Court as there is diversity of citizenship between the parties as provided by 28 U.S.C. §1332(a).

3.03    Venue is proper in this district pursuant to 28 U.S.C. §1391(a)(3) because Defendant is subject to personal jurisdiction within this judicial district at the time this action was commenced.

3.04    At all times relevant to these causes of action, Defendant had continuing and systematic contacts with the State of Texas and this judicial district by delivering its products into the stream of commerce with the expectation that they would reach the State of Texas and this judicial district. Further, Defendant had minimum contacts with Texas and this judicial district and was doing business in Texas and this judicial district by, among other things, distributing, marketing and selling its products to residents of the State of Texas and this judicial district. These causes of action arise from such contact and business.

4.00    **STATEMENT OF FACTS**

4.01    On or about July 7, 2005, Victor Hudler was operating a heavy duty concrete truck, model T800B, that was designed, manufactured, promoted and/or distributed by Defendant Kenworth. While Mr. Hudler was operating the truck from the rear-mounted mixing and discharge controls, the truck suddenly, and without warning, backed into Mr. Hudler and crushed him between the truck and another truck parked behind him.

4.02    Victor Hudler was killed as a result of the incident in question.

5.00    **CAUSES OF ACTION**

5.01    **Negligence:**    At all times relevant to this cause of action, Defendant, acting by and through its employees, agents and/or vice principals, had a duty to act reasonably and prudently in

the design, manufacture, promotion and/or distribution of the subject concrete truck and other trucks similar to it.

5.02    Defendant breached this duty, by and among other acts and/or omissions, designing, manufacturing, promoting and/or distributing a concrete truck that was dangerous to operate because it required operators like Victor Hudler to stand directly behind the truck to operate the controls to raise the engine rpm for the mixing and discharge of the concrete. Defendant failed to have an automatic neutral safety feature that would automatically switch the truck's transmission into neutral when the parking brake was applied to prevent the dangers presented when the truck was inadvertently left in gear. Such a safety feature was in existence at all relevant times, but Defendant failed to utilize them. Further, Defendant failed to have a remote control system that would allow persons like Victor Hudler to operate the mixing and discharge function from the side of the truck, rather than from directly behind it.

5.03    **Proximate Cause:**    The above referenced acts and/or omissions, each individually and cumulatively, were a proximate cause of the death of Victor Hudler.

5.04    **Strict/Product Liability:**    At all relevant times, Defendant was in the business of designing, testing, approving, manufacturing, marketing, distributing, selling, and supplying heavy duty concrete trucks, like the subject one, for use in Texas and elsewhere.

5.05    At the time the subject heavy duty concrete truck left the control of Defendant, it was defective and unreasonably dangerous to a person who might reasonably be expected to use it. These defects include, but are not limited to, having rear mounted controls that required persons like Victor Hudler to operate the mixing and discharge functions from directly behind the truck, as well as failing to have a automatic neutral safety feature so as to prevent the the truck from inadvertently being

left in gear. Further, the subject truck, and others similar to it, lacked adequate and sufficient warnings and instructions about the risks, dangers, hazards and harms presented by the heavy duty concrete truck for having and/or failing to have the features described above and a reasonable means to reduce such risks, dangers, hazards and harms.

5.06    The heavy duty concrete truck was expected to reach, and did reach the user and/or consumer without substantial change to the condition in which it was sold. That is, the truck in question was in substantially the same defective condition on July 7, 2005, as it was when it was placed in the stream of commerce by Defendant.

5.07    Further, it was foreseeable to Defendant that the subject truck could and would be operated in such a manner where, because of the rear mounted controls and lack of an automatic neutral safety feature, the truck could be inadvertently left in gear and injure or kill the user who operates it from directly behind the truck.

5.08    The design, manufacturing and marketing defects discussed above were a proximate and/or producing cause of Victor Hudler's death and the resultant injuries and damages to Plaintiffs.

6.00    **DAMAGES**

6.01    Plaintiffs seek all damages to which they may be justly entitled to at law for personal, emotional, physical and economic damages sustained as a result of Defendant's acts and/or omissions, as well as those personal, emotional, physical, and economic damages from which they will continue to suffer in the future as a result of the death of Victor Hudler. Plaintiffs seek those damages which a jury finds to be fair and reasonable under the circumstances.

6.02    As a proximate and/or producing cause of the acts and/or omissions of Defendant as described above, Plaintiffs have suffered substantial injuries and damages for which they seek recovery from Defendant.

6.03    Specifically, Susan Hudler, as the surviving wife of Victor Hudler, seeks wrongful death damages consisting of past and future pecuniary loss, past and future loss of companionship and society, past and future lost wages on behalf of herself, loss of future earning capacity on behalf of Victor Hudler, past and future mental anguish, loss of inheritance and loss of community estate.

6.04    Susan Hudler, as the Independent Administratrix of the Estate of Victor Hudler, seeks survival damages for pain and mental anguish, medical expenses, and reasonable funeral and burial expenses.

6.05    Nathan Hudler, as a surviving son of Victor Hudler, seeks wrongful death damages consisting of past and future pecuniary loss, past and future loss of companionship and past and future mental anguish.

6.06    Andrew Hudler, as a surviving son of Victor Hudler, seeks wrongful death damages consisting of past and future pecuniary loss, past and future loss of companionship and past and future mental anguish.

6.07    Marvin Hudler, as the surviving father of Victor Hudler, seeks wrongful death damages consisting of past and future pecuniary loss, past and future loss of companionship and past and future mental anguish.

6.08    Dwight Maria Hudler, as the surviving mother of Victor Hudler, seeks wrongful death damages consisting of past and future pecuniary loss, past and future loss of companionship and past and future mental anguish.

6.09    Plaintiffs also seek recovery of all costs of court, and pre-judgment and post-judgment interest in the maximum amount allowed by law.

7.00    **PRAYER**

7.01    Plaintiffs respectfully pray that Defendant be cited to appear and answer herein, and that upon final hearing hereof, Plaintiffs receive judgment of and from Defendant for the damages as pled herein in amounts the jury determines to be fair and reasonable, and for such other and further relief, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

**THE LAW OFFICES OF
FRANK L. BRANSON, P.C.**

**FRANK L. BRANSON
ATTORNEY-IN-CHARGE**
State Bar No. 02899000
**MICHAEL G. GUAJARDO**
State Bar No. 00784183
4514 Cole Avenue, 18th Floor
Dallas, Texas  75205
(214) 522-0200
Fax (214) 521-5485

**ATTORNEYS FOR PLAINTIFFS**

---

**PLAINTIFFS' ORIGINAL COMPLAINT**                                                      **PAGE 7**